**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00103-CV**
_____

**IN THE INTEREST OF W.E.**

On Appeal from the 279th District Court
Jefferson County, Texas
Trial Cause No. 24DCFM1398

**MEMORANDUM OPINION**

Mother and Father appeal from an order terminating their parental rights to their eighteen-month-old daughter, W.E. The trial court found, by clear and convincing evidence, that statutory grounds exist for the termination of Mother's and Father's parental rights and that termination of their parental rights would be in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (I), (N), (O).

Mother's and Father's court-ordered attorneys submitted briefs in which both attorneys conclude that there are no meritorious issues for appeal and that the appeals

1

are frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730-31 (Tex. App.—Beaumont 2005, no pet.) (*Anders* procedures apply in parental-right termination cases). The briefs present the attorneys' professional evaluation of the record and explain why no arguable grounds exist to overturn the trial court's judgment. Both attorneys filed a letter with this court indicating that they sent Mother and Father a copy of the *Anders* brief they filed, notified both parents of their right to file a pro se brief, and provided Mother and Father a copy of the appellate record. The Court notified Mother and Father of their right to file a pro se response and of the deadline for doing so. Neither Mother nor Father filed a response with the Court.

We have independently evaluated the appellate record and the briefs filed by Mother's and Father's court-appointed attorneys. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review, we have found nothing that would arguably support an appeal, and we agree that the appeals are frivolous and lack merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346 S.W.3d at 619.

2

Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's order terminating Mother's and Father's parental rights. We deny the motions to withdraw filed by Mother's and Father's court-appointed appellate attorneys because the right to counsel in suits seeking the termination of parental rights extends through the exhaustion or waiver of all appeals. *See* Tex. Fam. Code Ann. § 107.016(2)(B); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Accordingly, the obligation of Mother's counsel to Mother and the obligation of Father's counsel to Father have not been discharged. *See In re P.M.*, 520 S.W.3d at 27. Should Mother or Father decide to pursue an appeal to the Supreme Court of Texas, their respective counsel's obligation can be met "by filing a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27-28.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on June 17, 2026
Opinion Delivered June 25, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.

3